UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GENERAL DIVISION
CASE NO. 12-20017 CIV GRAHAM
MAGISTRATE JUDGE :    GOODMAN

ELIZABETH BAILEY, and
other similarly situated individuals,

    Plaintiff
vs.

MONTY'S SEAFOOD, LLC.,MONTY'S
MIAMI BEACH, LLC., MONTY'S SUNSET,
LLC., STEPHEN J. KNEAPLER, individually,
and AMANDA DIAZ, individually,

    Defendants

---

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, MONTY'S SEAFOOD, LLC.; MONTY'S SUNSET, LLC.; STRPHEN J. KNEAPLER; and AMANDA DIAZ (hereinafter collectively "Defendants"), by and through undersigned counsel, hereby file this their Answer and Affirmative Defenses to Plaintiff's Complaint, and state:

### ANSWER

1. Defendants recognize that Plaintiff purports to bring an action seeking the recovery of minimum wage compensation under the Fair Labor Standards Act (hereinafter "FLSA") and Fla. Stat. Sec. 448.110.  Defendants deny that Plaintiff is entitled to any such relief.

2. Defendants are unaware of  Plaintiff's residence and therefore is unable to admit or deny this allegation.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Defendants respond as set forth above with respect to such allegations and incorporate such responses herein.

9. Defendants admit Plaintiff was employed as a server by Defendant Monty's Seafood, LLC..

10. Admitted.

11. Defendants admit Plaintiff worked fewer than 40 hours per week; otherwise denied.

12. Denied.

13. Defendants deny Plaintiff is entitled to any recovery.

14. Admitted.

15. Defendant Monty's Seafood, LLC. admits it was at all times material hereto an enterprise engaged in commerce as such term is defined by the FLSA and that this court has subject matter jurisdiction over this action. Defendants deny Plaintiff is entitled to any recovery under the FLSA; otherwise denied.

16. Denied.

17. This is not a factual allegation for which Defendants need admit or deny.

18. Denied. Plaintiff was at all times compensated at a rate in excess of the minimum wage.

19. Denied. Plaintiff was at all times compensated at a rate in excess of the minimum wage.

20. Regardless of what Plaintiff seeks to recover, Defendants deny Plaintiff is entitled to any recovery.

21. Defendants are unaware of whether Plaintiff has retained the services of Counsel and therefore is unable to admit or deny this allegation.

22. The subject allegation does not relate to Defendants. Defendants therefore can not admit or deny such allegation.

23. The subject allegation does not relate to Defendants. Defendants therefore can not admit or deny such allegation.

24. The subject allegation does not relate to Defendants. Defendants therefore can not admit or deny such allegation.

25. The subject allegation does not relate to Defendants. Defendants therefore can not admit or deny such allegation.

26. The subject allegation does not relate to Defendants. Defendants therefore can not admit or deny such allegation.

27. The subject allegation does not relate to Defendants. Defendants therefore can not admit or deny such allegation.

28. The subject allegation does not relate to Defendants. Defendants therefore can not admit or deny such allegation.

29. The subject allegation does not relate to Defendants. Defendants therefore can not admit or deny such allegation.

30. The subject allegation does not relate to Defendants. Defendants

therefore can not admit or deny such allegation.

31. The subject allegation does not relate to Defendants. Defendants therefore can not admit or deny such allegation.

32. The subject allegation does not relate to Defendants. Defendants therefore can not admit or deny such allegation.

33. The subject allegation does not relate to Defendants. Defendants therefore can not admit or deny such allegation.

34. The subject allegation does not relate to Defendants. Defendants therefore can not admit or deny such allegation.

35. The subject allegation does not relate to Defendants. Defendants therefore can not admit or deny such allegation.

36. Defendants respond as set forth above with respect to such allegations and incorporate such responses herein.

37. Defendants admit Plaintiff was employed as a server by Defendant Monty's Sunset, LLC..

38. Admitted.

39. Defendants admit Plaintiff worked fewer than 40 hours per week; otherwise denied.

40. Denied.

41. Defendants deny Plaintiff is entitled to any recovery.

42. Admitted.

43. Defendant Monty's Sunset, LLC. admits it was at all times material hereto an enterprise engaged in commerce as such term is defined by the FLSA and that this

court has subject matter jurisdiction over this action.  Defendants deny Plaintiff is entitled to any recovery under the FLSA; otherwise denied.

44. Denied.

45. This is not a factual allegation for which Defendants need admit or deny.

46. Denied.  Plaintiff was at all times compensated at a rate in excess of the minimum wage.

47. Denied.  Plaintiff was at all times compensated at a rate in excess of the minimum wage.

48. Regardless of what Plaintiff seeks to recover, Defendants deny Plaintiff is entitled to any recovery.

49. All allegations not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state the claim for which relief may be granted.

2. At all times material hereto Plaintiff was paid an amount in excess of the applicable minimum wage.

3. Plaintiffs' claims are barred, in whole or in part, by the applicable Statute of Limitations.

4. In the event a violation occurred, which Defendants deny, Defendants' actions were at all times taken in good faith and were neither willful nor reckless. Plaintiff is therefore not entitled to liquidated or other damages.

5. Plaintiff has been fully paid in conformity with the applicable provisions of the Fair Labor Standards Act, 29 U.S.C. Sec. 201, et. Seq..

6. Plaintiff has failed to satisfy all conditions precedent to the filing of this

action.

7. Defendants reserve the right to add to and or amend its affirmative defenses.

**WHEREFORE**, Defendants pray as follows:

1. That Plaintiff recover nothing by way of this action.

2. That Defendants be awarded their taxable costs of suit incurred herein, including an award of attorney's fees should the Court determine such award be appropriate; and

3. Such other relief as the Court may deem just and proper.

Respectfully submitted,
**LAW OFFICES OF DONALD J. JARET, P.A.**
*Counsel for Plaintiff*
2790 La Bella Ct..
Henderson, Nv. 89052
Tel:  (305) 740-3383
Fax: (305) 390-8728

BY:   s/ DONALD JARET
          Donald J. Jaret, Esq.
          Florida Bar No. 296163


**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 30, 2012, I electronically filed the foregoing document with the Clerk using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

          S/ Donald Jaret
DONALD J. JARET