UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-20017-CIV-GOODMAN

[CONSENT CASE]

ELIZABETH BAILEY,

    Plaintiff,

v.

MONTY'S SEAFOOD, LLC, et. al.,

    Defendants.
_____/

## ORDER APPROVING FLSA SETTLEMENT

This matter is before the Court following a settlement conference conducted by the Undersigned on April 3, 2012. [ECF No. 19]. During the settlement conference, the parties reached a settlement agreement and read the terms of this agreement into the record.[1]

In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). However, there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor or (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of

---

[1] Pursuant to the parties' April 11, 2012 Election to Jurisdiction by a United States Magistrate Judge for Further Proceedings, United States District Judge Donald L. Graham referred this case to the Undersigned for all further proceedings, including a fairness review of the parties' proposed settlement agreement. [ECF Nos. 21; 22].

the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

Having conducted the settlement conference at which the parties reached the settlement agreement, the Undersigned is familiar with the terms of the agreement. The Court has considered the terms of the agreement in light of the factors outlined in *Lynn's Food Stores*, including the strength of the parties' cases, the factual positions of the parties, the existence (or lack thereof) of documents supporting or corroborating the parties' positions, the strengths and weaknesses in the parties' respective cases and the parties' desire to resolve the dispute sooner, rather than later.

The Court finds that the settlement here represents a genuine compromise of a bona fide dispute. The plaintiff has accepted less money than she claims she is owed while the defendants, who have denied liability, have agreed to pay plaintiff more than they believe she is due under the law. Both have agreed to settle as a result of reasonable strategic and financial considerations.

Therefore, the Court finds that the settlement here occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable.

Accordingly, it is **ORDERED** and **ADJUDGED** that:

(1) The parties' settlement agreement is fair and reasonable, the settlement is **APPROVED** and this action is **DISMISSED WITH PREJUDICE**.[2] The Court reserves jurisdiction to enforce the terms of the settlement.

(2) This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___16th___ day of April, 2012.

_____
JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
Counsel of Record

---

[2] The parties filed a notice of dismissal with prejudice as to individual defendant Amanda Diaz and therefore this order also dismisses her with prejudice. [ECF No. 20].